IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| | § § | COMPLAINT 5:22-cv-00994 |
| DENTAL HEALTH PRODUCTS, INC., | § § | JURY TRIAL DEMAND |
| Defendant. | § | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices and to provide appropriate relief to Veronica P. De La Cruz. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Dental Health Products, Inc. ("Defendant" or "DHP"), violated Title VII of the Civil Rights Act of 1964, as amended, when it retaliated against Veronica P. De La Cruz ("De La Cruz") by terminating her employment for engaging in the statutorily-protected activity of making a complaint about sex-based employment discrimination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the State of Texas.

**PARTIES**

3. Plaintiff is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously done business in the State of Texas, (including in Harris County, Hidalgo County, and Bexar County), and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

**ADMINISTRATIVE PROCEDURES**

6. More than thirty days prior to the institution of this lawsuit, De La Cruz filed a Charge of Discrimination with the Commission alleging violations of Title VII by Defendant.

7. On May 26, 2022, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On July 16, 2022, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least July of 2021, Defendant has engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by terminating Veronica De La Cruz's employment in retaliation for engaging in protected activity, namely that De La Cruz complained to Defendant's Human Resources Manager, Cindy Mommaerts ("Mommaerts"), about sex-based discrimination by her supervisor, Hector Gonzalez ("Gonzalez").

13. De La Cruz was hired by Defendant as a Sales Representative on or around February 18, 2019 and reported to Gonzalez, who was Defendant's Houston Branch Manager.

14. Defendant is a supplier of dental products that employs approximately 190 people across the country. De La Cruz's sales territory was primarily in the Rio Grande Valley and she was based in McAllen, Texas.

15. On July 29, 2021, De La Cruz met with one of her customers. When she subsequently attempted to access the customer's account through Defendant's online system to process a sale, she was unable to do so because the account had been transferred to a male Sales Representative.

16. Gonzalez had previously transferred De La Cruz's accounts to a male Sales Representative.

17. Concerned that Gonzalez was discriminating against her because of her sex (female) and believing that this was creating a hostile work environment based on sex, De La Cruz attempted to call Gonzalez on July 29, 2021 to raise these complaints. However, De La Cruz was not able to reach Gonzalez by phone.

18. At approximately 4:27 pm on July 29, 2021, De La Cruz sent an email to Defendant's Human Resources Manager, Cindy Mommaerts, stating that she wanted to make a formal complaint.

19. In De La Cruz's July 29th email to Mommaerts, De La Cruz stated she wanted Mommaerts's help "to deal with a problem which is causing me some concern and grievance about discrimination." In the email, De La Cruz explained how she had learned that day that her client's account had been transferred to a male coworker, and she recounted that Gonzalez had previously engaged in this practice. She also told Mommaerts in this email she felt Defendant was creating a hostile work environment and discriminating against her because she is female.

20. Within one hour of receiving De La Cruz's email complaint of discrimination, Mommaerts contacted De La Cruz's supervisor, Gonzalez, by telephone.

21. On July 30, 2021, the morning after De La Cruz emailed her complaint to human resources, Gonzalez and Mommaerts contacted De La Cruz by telephone and terminated her employment.

22. Mommaerts did not investigate De La Cruz's complaint of discrimination prior to De La Cruz's termination.

23. De La Cruz received her first, second, and final warnings on July 30, 2021 after she lodged her protected complaint of discrimination on the afternoon of July 29th.

24. De La Cruz was terminated on July 30, 2021 in retaliation for making a protected complaint opposing what she reasonably believed to be sex-based discrimination.

25. The effect of the practices complained of in paragraphs 12-24 above has been to deprive Veronica P. De La Cruz of equal employment opportunities and to otherwise adversely affect her status as an employee.

26. The unlawful employment practices complained of in paragraphs 12-24 above were intentional.

27. The unlawful employment practices complained of in paragraphs 12-24 above were done with malice or with reckless indifference to the federally protected rights of Veronica P. De La Cruz.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination by retaliating against current, future or former employees who have opposed practices made unlawful by Title VII, who have participated in a proceeding under Title VII by filing a charge of discrimination with the Commission, or who have otherwise engaged in protected activity under Title VII;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices;

C.    Order Defendant to make whole Veronica P. De La Cruz, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Veronica P. De La Cruz, or front pay in lieu thereof;

D.    Order Defendant to make whole Veronica P. De La Cruz, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 12-24 above, including, but not limited to, relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial;

E.    Order Defendant to make whole Veronica P. De La Cruz, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraphs 12-24 above, including, but not limited to emotional pain, suffering, humiliation, mental anguish, inconvenience, anxiety, stress, depression, and loss of enjoyment of life, in an amount to be determined at trial;

F.    Order Defendant to pay Veronica P. De La Cruz punitive damages for engaging in discriminatory practices with malice or reckless indifference to Veronica P. De La Cruz's federally protected rights, as described in paragraphs 12-24 above, in an amount to be determined at trial;

G.    Grant such further relief as the Court deems necessary and proper in the public interest; and

H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

This the 13th day of September 2022.

Respectfully submitted,

GWENDOLYN Y. REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

MEAGHAN L. KUELBS
Supervisory Trial Attorney
Texas Bar No. 24105277
E-mail: meaghan.kuelbs@eeoc.gov

*/s/ Philip Moss*

_____
PHILIP MOSS
Trial Attorney
Texas State Bar No. 24074764
Email: philip.moss@eeoc.gov

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 640-7570
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**